J. C. HENDRICK, RESPONDENT, v. KANSAS CITY, MISSOURI, APPELLANT. —60 S. W. (2d) 704.

Kansas City Court of Appeals.   May 22, 1933.

*Clif Langsdale* for respondent.

*George Kingsley* and *John J. Cosgrove* for appellant.

SHAIN, P. J.—This is an action for damages alleged as being caused by the plaintiff running his automobile upon and against a tree stump, that it is alleged the defendant, city, had negligently left standing in one of its streets.

The facts as disclosed by the record are, that the plaintiff left his place of business down in the city about nine P. M. on March 19, 1928. He was driving an automobile and with one companion in his car was proceeding to his home out on Bellefontaine street in Kansas City, Missouri. The evidence is that Fifty-Third (53rd) street is a street of Kansas City, Missouri, running east and west and the stump complained of was in Fifty-Third (53rd) street a little south of the center at a point between Prospect avenue and Montgall streets of Kansas City, Missouri. Prospect avenue was to the west and Montgall street was to the east of the place of the accident and the two last-named streets run north and south. The plaintiff had come south on Paseo street and turned east when he came to Fifty-Third street, and was driving east at from twenty (20) to twenty-five (25) miles an hour until he approached Prospect avenue when he slowed down for traffic. Fifty-Third (53rd) street is a paved street up to Prospect avenue at which place the pavement ends.

The plaintiff testifies that he crossed Prospect avenue, continued on east until he ran into the unpaved portion of Fifty-Third (53rd) street, and upon doing so found it to be rough and uneven and that he slowed his car down. Plaintiff further testifies that it was very dark, that he felt that his car had left the traveled portion of the road, that he turned his car to the south to get onto the traveled roadway, and that just as he turned, he ran upon the stump thereby demolishing his car and receiving the injuries complained of in this suit. The plaintiff testifies that he was unfamiliar with the conditions existing as to want of pavement on Fifty-Third (53rd) street and that he knew nothing of the stump being left in the street. Outside of plaintiff no eyewitness testified in the case. There was evidence to the effect that there was a pathway for vehicles both to the north and south of the stump and that there were signs of vehicular travel on both sides of the stump. The evidence is all to the effect that it was dark in the neighborhood of the accident and that there was nothing to warn the plaintiff of the existing conditions.

Trial was by jury resulting in a verdict and judgment for the plaintiff in the sum of seventy-five hundred ($7,500) dollars. From this judgment defendant duly appealed and on appeal cause was sent to this court.

No question is presented as to the nature and extent of the injury and no question is raised as to the amount of the verdict.

The defendant presents five assignments of error as follows:

"1. The court erred in refusing to give defendant's instruction in the nature of a demurrer to the evidence offered at the close of plaintiff's evidence, and also at the close of all the evidence.

"2. The court erred in giving plaintiff's instruction No. 1, over the objection of defendant.

"3. The court erred in excluding section 333 of the revised ordinances of Kansas City offered by defendant, said ordinance referring to the speed at which automobiles were prohibited from being driven in Kansas City, Missouri.

"4. The court erred in refusing to give instructions lettered "G" and "J" offered by defendant.

"5. The court erred in excusing from the jury panel Juror Thomson."

The defendant assigns two reasons why demurrer to the evidence should have been given by the trial court. It is first contended that there was not sufficient evidence that the stump had remained without a light for a sufficient time to constitute constructive notice to the defendant city. The defendant as a second reason urges that plaintiff was guilty of contributory negligence sufficient to defeat his recovery.

The defendant in support of its first assignment of error cites the following Missouri cases on the issue of want of evidence giving constructive notice: Smith v. City, 198 S. W. 1116; Armstrong v. City, 228 S. W. 771; Clinkenbeard v. City, 10 S. W. (2d) 54.

These cases announce the well-established rule that cities are not liable for injuries from defects unless it has actual or constructive knowledge of defects complained of, further, that a city is not liable for injuries received on portions of streets not opened for public use.

The defendant in support of its contention as to contributory negligence cites: Hornbuckle v. McCarty, 295 Mo. 162; Aronson v. Ricker, 185 Mo. 528. These cases are declarative of the law of negligence under the humanitarian rule. While the cases cited present prime law, still the question arises as to their application to the facts of the case at bar.

The defendant in this case by its answer joined issue as follows:

"Further answering defendant states that the place where plaintiff claims to have been injured was not a public street and no jurisdiction or control over said place had ever been exercised by Kansas City prior to the date of plaintiff's alleged accident; that the public had never been invited to use said place as a thoroughfare and defendant was under no legal obligation to maintain said place in a reasonably safe condition, if it was not in a reasonably safe condition.

"Further answering defendant states that plaintiff, if injured as alleged in his petition, was guilty of negligence directly causing said injuries in that he knew or in the highest degree of care could have

known that he was traveling over a rough, ungraded, dark, unfamiliar place and that he was likely to meet with obstacles which might endanger his safety, but nevertheless, in disregard of such knowledge, he continued to operate said motor car at a high and dangerous rate of speed and failed to slow down said automobile to such a speed as would enable him to have stopped said car or to have swerved the same in time to have avoided such obstacles but negligently failed so to do.''

Consistent with the above pleadings defendant asked and received Instruction I, which instruction permitted a recovery for defendant if the jury found that plaintiff knew or in the exercise of the highest degree of care could have known, that he was traveling over a rough, ungraded, dark and unfamiliar place.

We conclude that the point made in defendant's assignment one (1) is not available to the defendant in this case for the reason that the case was defended on the theory that Fifty-Third (53rd) street at the place of the accident was a place rough, ungraded and dark; that plaintiff was negligent in attempting to travel over same and further that the city was under no obligation to maintain same reasonably safe. In other words, it appears from the whole record that it stood undisputed by defendant that Fifty-Third (53rd) street at the place of the accident was ungraded, rough and dark. In other words, the defendant contends that it was a place where the city had exercised no control or jurisdiction.

There appears to have been no contest as to the question presented in assignment one (1). The condition of the street was practically admitted to have been in the condition it was at the time of the accident for quite a period of time. The defendant on appeal in this case is not in a position to urge its point. [Shouse v. Dubinsky, 34 S. W. (2d) 530; Allen v. Purvis, 30 S. W. (2d) 196.]

As to the question of contributory negligence raised in defendant's first assignment, we conclude that this issue was properly submitted to the jury under proper instructions.

Defendant's assignment two (2) presents the same question as is above discussed and we conclude, based upon the reasons above stated, that no error was committed in the giving of the instruction.

As to defendant's assignment three (3), we conclude that there was no error in excluding the city ordinance for the reason that there was no evidence supporting defendant's allegation as to excessive speed or that excessive speed caused the injury.

Defendant's assignment four (4) embraces the same question as is presented in number three (3) and we conclude no error was committed for the same reasons as given above.

As to defendant's assignment five (5), we find no error was committed by excusing the juror.

Judgment affirmed. All concur.